**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAWRENCE F. GLASER, on Behalf of Himself and All Others Similarly Situated,<br><br>               Plaintiff,<br><br>     v.<br><br>THE9, LTD., XIAOWEI CHEN, GEORGE LAI, HANNAH LEE, TONY TSE and JUN ZHU,<br><br>               Defendants. | No. 09-cv-08904-RJH |
| J. DAVID O'DEA, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>     v.<br><br>THE9, LTD., XIAOWEI CHEN, GEORGE LAI, HANNAH LEE, TONY TSE and JUN ZHU,<br><br>               Defendants. | No. 09-cv-09166-RJH |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CHEN KUANG FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

Proposed lead plaintiff Chen Kuang (hereinafter, "Movant") respectfully submits this memorandum of points and authorities in support of his motion for consolidation of related actions, appointment as lead plaintiff and for approval of his selection of lead counsel.

## I.  FACTUAL BACKGROUND

This is a securities class action on behalf of all purchasers of American Depositary Shares ("ADSs") (as evidenced by American Depositary Receipts ("ADRs") of The9 Limited ("The9" or the "Company") between November 15, 2006 and July 15, 2009, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").  Named as defendants are the Company and certain of its executive officers and/or directors.

Defendant The9 is an online game operator and developer in China.  During the Class Period, the Company, directly and through its affiliates and/or subsidiaries, operated licensed multiplayer online role-playing games ("MMORPGs") and advanced casual games in China, including World of Warcraft, Soul of The Ultimate Nation, Granado Espada, EA SPORTS FIFA Online 2 and Atlantica.

The complaints on file in this action allege that throughout the Class Period defendants knew or recklessly disregarded that their public statements concerning The9's business, operations and prospects were materially false and misleading. Specifically, the defendants failed to indicate or disclose that: (i) it was becoming increasingly less likely that The9 would be renewing the World of Warcraft contract with Blizzard Entertainment Inc. ("Blizzard"); (ii) The9 had not even begun formal negotiations with Blizzard regarding the World of Warcraft contract renewal; (iii) The9 and Blizzard had been at odds regarding The9's operation of World

of Warcraft in China; and (iv) the equity investment in The9 by Electronic Arts Inc. – a leading developer and publisher of interactive entertainment – had made it less likely that Blizzard would renew the World of Warcraft contract because Blizzard would essentially be doing business with one of its greatest competitors.

On July 15, 2009, The9 shocked investors when it reported a reduction in net income for 2008 of $36.9 million – an approximately 72% reduction from $51.1 million in net income that it had reported for that period on February 23, 2009. In addition, the Company admitted that, despite its earlier representations, The9 had not even begun negotiations with Blizzard concerning the renewal of the World of Warcraft contract. In response to this news, shares of The9's stock dropped 18%, to $8.34 per share.

## II.    PROCEDURAL HISTORY

Plaintiff Lawrence F. Glaser commenced the instant action on October 21, 2009, and on that day counsel for plaintiff published a notice of the pendency of plaintiff's case on *Business Wire*, a widely circulated national business-oriented wire service. *See* Declaration of Katherine Den Bleyker In Support of Motion of Chen Kuang For Consolidation of Related Actions, Appointment As Lead Plaintiff and Approval of Selection of Lead Counsel (the "Den Bleyker Declaration") at Exhibit A.

In addition, and subsequent to, the *Glaser* action, a related action (collectively, the "Related Actions") has been filed in this District, and each of the Related Actions is reflected above in the caption of this document.

Movant brings the instant motion pursuant to the *Glaser* complaint and notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the

October 21, 2009 notice.

### III. ARGUMENT

#### A. The Related Actions Should Be Consolidated

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Weltz v. Lee,* 199 F.R.D. 129, 131 (S.D.N.Y. 2001). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2nd Cir. 1990).

The Related Actions, pending before this Court, present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges the same violations of federal securities laws, and is based on the same wrongful course of conduct. Each names the Company and certain of its officers and/or directors as defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate.

#### B. Movant Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

3

    (aa)  has either filed the complaint or made a motion in response to a notice... ;

    (bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and

    (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 44 (S.D.N.Y. 1998).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption that he is the "most adequate" plaintiff for the Class.

    **1.**    **Movant Is Making A Motion In Response To A Notice**

On October 21, 2009, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff Lawrence F. Glaser published a notice of the pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service[1] – announcing that a securities class action had been filed against defendants herein, and advising purchasers of The9 American Depositary Shares that they had until December 21, 2009, to file a motion to be appointed as lead plaintiff.

Movant files the instant motion pursuant to the *Glaser* complaint and published notice, and submits herewith his sworn certification attesting that Movant is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Den Bleyker Declaration, Exhibit B.  Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

---

[1] *In re Party City Securities Litigation,* 189 F.R.D. 91, 105 n.10 (D.N.J. 1999) (national

### 2. Movant Has The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii); *see Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 401-402 (S.D.N.Y. 2004).  As is demonstrated herein, Movant believes that he has the largest known financial interest in this case among class members who filed timely applications for appointment as lead plaintiff, and accordingly is presumed to be the "most adequate plaintiff."  *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

During the Class Period, Movant purchased 10,000 shares of The9 at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions, and as result, Movant has suffered financial losses of $217,300.000.  *See* Den Bleyker Declaration, Exhibit C.  Movant is not aware of any other Class member that has filed an application for appointment as lead plaintiff and, consequently, believes that he has the largest known financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff.  Movant thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the Class. *Greebel v. FTP Software,* 939 F. Supp. 57, 64 (D. Mass. 1996).

### 3. Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule

---

newswire services meet the statutory notice provision).

23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *In re Party City*, 189 F.R.D. at 106 (" 'A wide-ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.' ") (quoting *Fischler v. Amsouth Bancorporation,* 1997 WL 118429, at *2 (M.D.Fla. Feb. 6, 1997) and *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)); *see also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

### a.  Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002)(citations omitted). Rule 23 does not require the lead

6

plaintiff to be identically situated with all class members. *Id.*; *Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *5 (S.D.N.Y. July 20, 2004).

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations and prospects of The9. Movant, like all of the members of the Class, purchased The9 securities at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. Movant's interests are closely aligned with other Class members', and they are, therefore, typical of the other members of the Class.

### b. Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between the movant's claims and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d 201, 265 (3d Cir. 2001).

Movant has demonstrated his adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and has shown that he is " 'willing' and able' to 'take an active role in and control the litigation and to protect the interests of absentees.' " *Berger v. Compaq Computer Corp.,* 257 F.3d 475, 479 (5th Cir. 2001). Movant has communicated with counsel concerning this case and has made this motion to be appointed lead plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the class. Movant also sustained substantial financial losses from his

7

investments in The9 securities and is, therefore, extremely motivated to pursue the claims in this action. *See* Den Bleyker Declaration, Exhibit C.

### 4. Movant Is Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interest of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I). *Ferrari*, 2004 WL 1637053, at *6.

The presumption that Movant is the most adequate lead plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial financial losses – in excess of $217,000 – and believe that he has the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, Movant is presumptively the most adequate lead plaintiff and should be appointed lead plaintiff for the Class. *See In re Cendant Corp.*, 264 F.3d at 268.

### C. The Court Should Approve Movant's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh* 306 F.3d 726,

8

733 (9th Cir. 2002). In the present case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this litigation on his behalf, and will retain this firm as plaintiffs' lead counsel in the event Movant is appointed lead plaintiff. Glancy Binkow & Goldberg LLP possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Den Bleyker Declaration as Exhibit D. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

## IV.  CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order (a) consolidating the Related Actions, (b) appointing Chen Kuang as lead plaintiff, and (c) approving his choice of Glancy Binkow & Goldberg LLP as lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: December 21, 2009  **GLANCY BINKOW & GOLDBERG LLP**

By:   /s/ *Katherine Den Bleyker*
Katherine Den Bleyker (KD1245)
430 Broadway, Suite 1603
New York, NY 10018
Tel: (212) 382-2221
Fax: (212) 382-3944

-and-

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
Tel: (310) 201-9150
Fax: (310) 201-9160

*Attorneys for Movant*
*and Proposed Lead Counsel*

# CERTIFICATE OF SERVICE

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 430 Broadway, Suite 1603, New York, New York 10018.

On December 22, 2009, I caused to be served the following:

NOTICE OF MOTION AND MOTION OF CHEN KUANG FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL SELECTION OF LEAD COUNSEL

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CHEN KUANG FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL SELECTION OF LEAD COUNSEL

DECLARATION OF KATHERINE DEN BLEYKER IN SUPPORT OF MOTION OF CHEN KUANG FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL SELECTION OF LEAD COUNSEL (WITH EXHIBITS)

[PROPOSED] ORDER GRANTING MOTION OF CHEN KUANG FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL SELECTION OF LEAD COUNSEL (NOT FILED – E-MAILED TO CHAMBERS AND COUNSEL ONLY)

on the following parties shown below by posting the above-referenced documents on the ECF website, for electronic service pursuant to ECF rules:

**John Daniel Castiglione**
john.castiglione@lw.com

**Robert John Malionek**
robert.malionek@lw.com, jessica.bengels@lw.com, jason.grossman@lw.com

**David Avi Rosenfeld**
drosenfeld@csgrr.com, e_file_ny@csgrr.com

**Samuel Howard Rudman**
srudman@csgrr.com, e_file_ny@csgrr.com

**Joseph Frank Russello**
jrussello@csgrr.com

**Katherine Carol Den Bleyker**
kdenbleyker@glancylaw.com, dmacdiarmid@glancylaw.com, rmaniksas@glancylaw.com, mmgoldberg@glancylaw.com, pbinkow@glancylaw.com, info@glancylaw.com,
rprongay@glancylaw.com

and, in the case of those persons not listed as recipients of electronic service, by instead placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at New York, New York.  They are:

Ethan J Brown
David J. Schindler
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles, CA 90071

Peter A. Wald
Latham & Watkins, LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111

Richard E. Walden
Walden Law Firm, PLLC
8201 Cantrell, Suite 315
Little Rock, AR 72227
Tel: 501-907-7000

Howard G. Smith
Smith & Smith
3070 Bristol Pike
Bensalem, PA 19020

  Executed on December 22, 2009, at New York, New York.  I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

               *s/Katherine Den Bleyker*
               Katherine Den Bleyker