

# LATHAM&WATKINS LLP

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

March 31, 2010

Hon. Richard J. Holwell
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: <u>Glaser v. The9 Ltd, et al.</u>, No. 09-Civ-8904 (Consolidated)

Dear Judge Holwell:

    Defendants submit this letter in connection with their anticipated motion to dismiss Plaintiffs' Consolidated Complaint (the "Complaint"). Defendant The9, Ltd. ("The9") is an online game operator and developer in China. The individual Defendants were officers of the company at different times during the putative class period. In February 2004, The9 obtained a license to operate Blizzard Entertainment Inc.'s online game World of Warcraft ("WoW") in China. That license expired by its terms in June 2009, and was not renewed. Looking back from that expiration, Plaintiffs contend that Defendants' expressions of optimism about The9's business and its potential renewal of the WoW license were knowingly false, such that Defendants violated Section 10(b) of the Securities Exchange Act of 1934.

    Plaintiffs' allegations fall far short of stating a claim under the Private Securities Litigation Reform Act of 1995 ("Reform Act"). The Complaint relies entirely on the notion that because the WoW license ultimately was not renewed, statements by certain of the Defendants expressing optimism about renewal before and during the negotiations were fraudulent. Defendants, however, repeatedly warned The9's shareholders of the obvious fact that The9 may not be able to renew the WoW license. In The9's annual report for each year of the putative class period, for example, The9 specifically stated that it "cannot assure ... that [Blizzard] ... will renew its license agreement," which "could harm our future results." The Complaint is classic fraud-by-hindsight pleading that is not actionable under the securities laws.

### A. The Complaint Fails to Allege An Actionable Misstatement or Omission

    **Forward Looking Statements.** To state a securities fraud claim, a plaintiff must plead particularized facts establishing the reason a statement was false or misleading when made. 15 U.S.C. § 78(u)-4(b)(1); *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 53 (2d Cir. 1995). Plaintiffs fail to do so here. Instead, they assert that statements about The9's future business prospects over a three-year period were false because the WoW license renewal was not reasonably likely to occur. But this misstates the governing legal standard. For these forward-looking statements about future negotiations, *see, e.g*, ¶ 26 ("we are very confident to eventually renew the contract

of WoW with Blizzard"), Plaintiffs are required—but fail—to plead that Defendants **actually knew** such statements to be false when made. Plaintiffs offer nothing more than their own hindsight, which cannot support a claim. *In re Elan Corp. Sec. Litig.*, 543 F. Supp. 2d 187, 212-13 (S.D.N.Y. 2008) (Holwell, J.) (statements must be known to be false at the time). Moreover, each statement was couched in cautionary language and is therefore protected under the Reform Act's safe harbor for forward-looking statements and by the "bespeaks caution" doctrine. *See* 15 U.S.C. §§ 77z-2(c), (c)(1), 78u-5(a) & (c)(1); *Panther Partners, Inc. v. Ikanos Comm., Inc.* 538 F. Supp. 2d 662, 669 (S.D.N.Y. 2008).

Plaintiffs' reliance on four "confidential witnesses" does not change this analysis. Three did not work for The9, and are offered only for speculation about a "strained relationship" between The9 and Blizzard. (¶¶ 39, 51, 53.) The fourth is inadequately identified only as a "senior executive and shareholder of The9," and offers no particularized information to suggest that any of the Defendants knew their statements about the company's future were untrue. Those witnesses do not and cannot establish that any statement was false. *Novak v. Kasaks*, 216 F.3d 300, 313-14 (2d Cir. 2000); *In re Am. Express Co. Sec. Litig.*, No. 02-5533, 2008 WL 4501928, at *7 (S.D.N.Y. Sept. 26, 2008).

**Puffery and Optimism.** A number of the challenged statements simply express optimism about the relationship between Blizzard and The9, and the prospects for the license renewal. This is precisely the type of "puffery" that cannot support a securities fraud claim. *Rosner v. Star Gas Partners L.P.*, No. 07-1687, 2009 WL 2581565, at *3 (2d Cir. Aug. 20, 2009) ("'expressions of puffery and corporate optimism,' [] 'do not give rise to securities violations'").

**Other Challenged Statements**. Plaintiffs plead a handful of other statements that are either not false (such as when negotiations over renewal began, *see* ¶ 102) or are impermissibly vague about "tensions" between Blizzard and The9. *Elliot Assoc. L.P. v. Covance, Inc.*, No. 00-4115, 2000 WL 1752848, at *6 (S.D.N.Y. Nov. 28, 2000) (dismissing allegations that defendants' optimism about potential merger were false because plaintiffs failed to plead specific facts establishing likely "demise of the merger"). Other statements are simply not attributable to The9, such as media articles and analyst reports. (*See, e.g.*, ¶ 84, 99.)

### B. The Complaint Fails to Allege Scienter As To Any Defendant

To survive dismissal, Plaintiffs also must allege facts giving rise to a "strong inference" of fraudulent intent, i.e., scienter, that is "cogent" and at least as compelling as any competing inference of non-culpable conduct. *Tellabs, Inc. v. Makor Issue Rights, Ltd.*, 551 U.S. 308, 314 (2007). Such a showing may be made by pleading facts establishing motive and opportunity, or by strong circumstantial evidence demonstrating the defendants' actual knowledge of falsity (for forward looking statements) or, at a bare minimum, "extreme recklessness." *See, e.g., In re Yukos Oil Co. Sec. Litig.*, No. 94-5243, 2006 WL 3026024, at *17 (S.D.N.Y. Oct. 25, 2006).

The Complaint fails to allege any motive to commit fraud. Nothing about the alleged insider stock sales is "suspicious." The sales span a two-year period, the last occurring eight months before the announcement of non-renewal. *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 279 (S.D.N.Y. 2008) (lapse of "approximately four months between [] substantial sales and the revelation of the alleged falsity[ ] inescapably attenuates any inference of

scienter"). The sales do not occur at putative class period highs (or any other "suspicious" point), there are no allegations of profits made, percentage of holdings sold by any of the insiders or any prior history of the insiders' purchases and sales. *Plumbers & Steamfitters Local 773 Pension Fund v. CIBC*, No. 08-8143, 2010 WL 961596, at *9 (S.D.N.Y. Mar. 17, 2010) (failure to allege sale of stock before price drop suggests the "absence of any nefarious motives").

The only other allegations presented in support of motive are vaguely described "shady" transactions. (¶ 152.) These transactions have nothing to do with the license renewal, and it is unclear from the Complaint how Defendants would have benefited from them. The allegations are also based entirely on rumors from one confidential witness who is not alleged to have any specific knowledge about the transactions or the renewal and therefore do not support an inference of scienter. *Novak*, 216 F.3d at 312-14.

Absent allegations of motive, Plaintiffs' burden to allege "extreme recklessness" is proportionally greater, and they fail to meet that burden. Instead, they simply conclude that Defendants "must have known" that the license would not be renewed before the renewal negotiations ran their course. That is insufficient as a matter of law. *Caiafa v. Sea Containers Ltd.*, 525 F. Supp. 2d 398, 413 (S.D.N.Y. 2007) (plaintiffs must "specifically allege … defendants' knowledge of facts or access to information contradicting their public statements").

C. **The Complaint Fails to Allege Loss Causation**

Plaintiffs also must allege particularized facts establishing loss causation, *i.e.*, that the revelation of the "truth" corrected earlier misstatements and caused a share price decline. *See Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347-48 (2005). Plaintiffs' allegations do not meet this test. Plaintiffs fail to plead any corrective disclosure, as required under *Dura*. On April 14-16, 2009, information entered the market that the WoW license would not be renewed. (¶ 129.) However, there has never been any disclosure that Defendants knew about non-renewal earlier than they led the market to believe, or that any fraud was involved in the contract negotiations. Nor has The9 ever stated that the non-renewal required a restatement of past audited financial results. *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 175 (2d Cir. 2005).

The Complaint also pleads purported "corrective disclosures" made long before the announcement that the WoW license had not been renewed, and are about subjects — for example, that the CFO was "leaving the Company" (*e.g.*, ¶¶ 153-61) — that cannot support the loss causation as a matter of law. *In re Omnicom Group, Inc. Sec. Litig.*, No. 08-0612, 2010 WL 774311, at *9 (2d Cir. Mar. 09, 2010).) Plaintiffs therefore fail to plead loss causation.

We would look forward to discussing these issues further, if the Court determines that a pre-motion conference is necessary.

> The Court will hold a pre-motion conference on May 7, 2010, at 10:00am. RLH

Respectfully,

Peter A. Wald
LATHAM & WATKINS LLP

cc: Counsel of Record

SO ORDERED

RICHARD J. HOLWELL
UNITED STATES DISTRICT JUDGE
4/20/10